TROMP v. WILLIAM CRAMP & SONS SHIP & ENGINE BLDG. CO.

(Circuit Court of Appeals, Second Circuit. February 1, 1906.)

No. 92.

1. WRIT OF ERROR—REVIEW—INSTRUCTIONS.

Assignments of error based on the court's charge to the jury cannot be considered by the appellate court, where no exceptions were taken to the charge.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1516-1532.]

2. TRIAL—REFUSAL OF INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action to recover for services rendered under an alleged contract fixing the amount of compensation to be paid, a request for an instruction, permitting the jury to find for plaintiff for the reasonable value of the services, was properly refused, where there was no evidence of such reasonable value.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 596–612.]

In error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court, Southern District of New York, entered upon the verdict of a jury in favor of defendant in error, who was defendant below. The action was brought to recover for plaintiff's services in instituting and carrying on negotiations between the defendant and the Turkish government, looking to the purchase of a cruiser or war vessel from the defendant.

Norman G. Johnson, for plaintiff in error.
H. G. Ward, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. There are four assignments of error. The first two challenge the soundness of several voluminous excerpts from the court's charge to the jury. No objection was taken, and no exception was reserved to any part of the charge. These assignments of error, therefore, cannot be considered in this court. Morning Journal v. Rutherford, 51 Fed. 513, 2 C. C. A. 354, 16 L. R. A. 803; Park Bros. v. Bushnell, 60 Fed. 584, 9 C. C. A. 138.

The third exception is to the court's refusal to charge the following proposition:

"If the negotiations conducted in this country by Admiral Ahmed were the continuation of the Constantinople negotiations, and as such resulted in the contract in question for the cruiser, and the jury find that no specific commission was agreed upon, then the plaintiff is entitled to recover such amount as the jury find from the evidence to be the fair and reasonable value of his services."

The record is barren of any evidence tending to show the "fair and reasonable value" of plaintiff's services. The only claim sought to be sustained by proof was that, in addition to $2,500 and his disbursements which had been paid him, he was entitled to recover by agreement with defendant, express or implied, 1 per cent. on the contract price of a cruiser, which was sold to the Turkish government for

"something like $1,600,000." If the jury was not satisfied that there was an agreement to pay him that commission, there was nothing except blind guesswork upon which to predicate any finding as to fair and reasonable value of services. The trial judge therefore properly refused the request.

The fourth assignment of error is to a refusal to charge that "it was the duty of the defendant to aid the plaintiff in every reasonable way in the negotiations." The court was under no obligation to charge this proposition, unless there was something in the testimony from which the jury might infer that the defendant had in some way refused or neglected to aid him in his negotiations. A careful perusal of the record satisfies us that it contains nothing which would warrant the jury in making any such finding. The request was properly refused.

In thus briefly disposing of the case, we may add that we are strongly of the impression that the proof was insufficient to warrant a finding that there was any contract to pay a commission in addition to the $2,500 and disbursements. However, since the jury did not find that there was, that branch of the case need not be discussed.

The judgment is affirmed.